FILED

2022 AUG 22  PM 1:14

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

The Saito Court at THE UNITED STATES DISTRICT COURT

**FLORIDA MIDDLE DISTRICT**

Koichi Saito, Plaintiff
In a petition for removal from the Twentieth Circuit
Court of Collier County, Florida

v.

STATE COURT CAUSE NO.
11-2022-CT-001811-AXXX-XXX

Alexis G. Moffat, acting as prosecuting attorney

Rob Crown, acting as Judge

(Defendants)



2:22-CV-515-SPC-KCD

2:

# Notice Of Removal To United States District Court

Comes now the alleged Defendant, Koichi Saito, and notifies the parties and the Court that this cause has been removed to the jurisdiction of the United States pursuant to Rule 11 of the Federal Rules of Civil Procedure, by stating the following:

1.    There have been, and continue to be, violations against the civil and constitutional rights of this undersigned alleged Defendant in this cause, and which have not been duly protected.

2.    Accordingly, and commensurate with certain issues within these state proceedings also giving independent rise to federal subject-matter jurisdiction, this cause has now been removed to the United States District Court for the Florida Middle District.

3.    The attached Notice regarding Petition For Removal was filed in said federal court on August 19, 2022. Pursuant to Rule 1.06, every document recorded in this alleged case will be filed electronically.

4.    The parties and this Court are hereby given formal **notice** that the combination of filings made under both this cause now herewith, as well as within the aforementioned federal court, *automatically* **divests** this Court of **any and all** further authority and jurisdiction over these proceedings − **bar none** (*see* 28 USC § 1446 (d)) − and, *therefore*, there will be **NO** more hearings, orders, or *any* other proceedings held, made, or done within this state cause until, and unless, further notice or order is first made by the Federal judge of said United States District Court.

Respectfully submitted,

**By**: Koichi Saito 19, August 2022

CERTIFICATE OF SERVICE

I hereby certify that, on this 19th day of August 2022, a true and complete copy of the foregoing notice of removal, has been filed with the clerk and by depositing the same in the United States mail, postage prepaid, has been duly served upon all parties of record in these proceedings.

Rob Crown

3315 Tamiami Trail East Suite #602

Naples, Florida 34112-5334

Alexis Grace Moffett

3315 Tamiami Trail East Suite #602

Naples, FL 34112-5334

**By**: Koichi Saito  19, August 2022

The *Saito Court* presents:          **Facts of the case**

"The makers of our Constitution undertook to secure conditions favorable to the pursuit of happiness. . . . They conferred, as against the Government, **the right to be let alone**—the most comprehensive of rights, and the right most valued by civilized men. To protect that right, every unjustifiable intrusion by the Government upon the privacy of the individual, whatever the means employed, must be deemed a violation of the Fourth Amendment."[Olmstead v. United States, 277 U.S. 438 (1928) [Emphasis added]]

- At all times relevant to this case, the Respondents act as or on behalf of Debt Collectors. Where one is mentioned as styled in the case, other Respondents are included as or through Debt Collectors Agent. [Cf. 15 U.S.C. § 1692(e); 15 U.S.C. § 1692a]

- At all times relevant to this case, i, Koichi Saito, a man; and i, Lynne'a Saito, a woman, Claimants are in lawful possession/possessory use of Claimants' property.

- On the 18th day of June 2022 at 4:45 pm, Claimants were stopped by certified Agents of Respondents using emergency lights.

- Agents did acknowledge that there was no emergency. Agents did acknowledge that there was no injured party. Agents did acknowledge that there were no warrants for Claimants.

- Agents did attempt to collect an alleged debt previously contracted.

- Agents did acknowledge the non-commercial, private notice on Claimants' property.

- Agents did physically remove Claimant from Claimants' property.

- Agents did authorize a licensed wrecker Agent to tow and impound Claimants' property [Dark green Chrysler Town & County with private notice plate attached].

- Agents did take mugshots and fingerprints of Claimant.

- Agents did arrest and imprison the physical body of Claimant. Claimant was held for over 27 hours in Collier County Jail.

- There is no contractual relationship between Respondents and Claimants.

- Claimants have never given consent to be sued by/communicated with Respondents.

- Respondents claim to act as debt collectors yet have not proved expressed written consent to communicate with Claimants about any debt.

- Respondents continue to press the alleged case against Claimant, despite challenges to the court's jurisdiction on the record, which remain wholly unrebutted to this day.

## CAUSES OF ACTION

1. __Trespass__ involves the "wrongful interference with one's possessory rights in property.", which includes but is not limited to emotional distress without a physical injury to the person or to the land, and discomfort and annoyance to a property owner as a possessor of the property  It is not necessary to prove that harm was suffered to bring a claim. The main element of the tort is "interference". To survive a trespass claim, the Wrongdoer must show proof of lawful rights by way of licensing, valid contract, receipt, superior possessory rights, or lawful necessity.

Proofs and Elements of Trespass:
- Respondents interfere with Claimants' possessory rights by physically removing Claimant's body from property and by removing property from Claimants' possession without a valid contract or just compensation.

- This trespass causes mental and emotional stress, and anxiety because Respondent's agents did use the threat of force to physically remove and imprison Claimant's physical body.

- This trespass damages Claimants' right to peaceful enjoyment of private property and the right to be secure in private affairs.

- This trespass damages Claimants' right to not be deprived of life, liberty, or property, without due process of law.

2. __Invasion of Privacy- intrusion upon seclusion__ one who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy if the intrusion would be highly offensive to a reasonable person.

Proofs and Elements of Invasion of Privacy:
- Respondents intentionally intrude in Claimants' private affairs by taking for public use the VIN number from Claimants' private property. Respondents also invade Claimants' privacy by demanding by threat of force Claimant's given and family name and other private data.

- This invasion of privacy damages Claimants' right to peaceful enjoyment of private property and to be secure in all private affairs.

Respondents claim to have a right to Claimants' property based on the presumption that it was within their public jurisdiction. However, even after receiving three (3) notices, Respondents are unwilling or unable to prove this presumption. Without a valid contract, the Respondents have no rights to stop or delay Claimants or to remove Claimants' property or interfere with Claimants' lawful possessory rights to enjoy property, which is trespass by way of deprivation of rights.

## Conclusion

Claimants clearly show that the Respondents act jointly and severally and violate their lawful obligation to the United States government as well as act unlawfully to willfully defraud the Claimants.

Take notice of:

**JURISDICTION**

The nature of the claim is within the jurisdiction of this court e is more than involves a Diversity of citizenship. Furthermore, the damages exceed $20 and it is a Federal Question. Claimants are a man and a woman who live in the Kingdom of Heaven, and Respondents are Resident Persons of the STATE OF FLORIDA.

**DEMAND FOR TRIAL BY JURY OF PEERS**

Claimants hereby demand a trial by a jury of peers on any cause of action and claims with respect to which there is a right to a jury trial.

**RELIEF REQUESTED**

1. Compensatory damages in the amount of $448,400. For the harm of this debacle leading to anxiety, heart palpitations, depression, and sleeplessness from the mental stress caused by the physical taking and imprisonment of Claimants' body. Claimants' three young offspring continue to experience mental and emotional distress as they were witnesses to the unlawful taking of their father.

   This incident contributed to several thousand dollars and hundreds of hours and much financial stress for seeking counsel and various lawful defenses to Respondents' trespass and the alleged case against Claimants. Claimants also experience extreme financial stress from loss of wages and loss of opportunity due to the Respondents' interference and unlawful taking of private property.

   Although no monetary value can erase the mental and emotional aftermath for Claimants, it can at least alleviate the present damages caused by the Respondents' trespass. Claimants are in emotional pain and damaged, in addition to financially burdened due to Respondents' interference.

2. A permanent injunction directing and ordering Respondents not to stop, delay, or otherwise interfere in the private affairs of Claimants without express consent or other valid authorization.

3. Correct the record by expunging the false charges, mug shots, fingerprints, and false data points/accounts associated with the alleged case.

4. An award of such further and additional lawful and equitable relief as the Court deems just and proper.

i say all herein is true and will verify in open Court.

**By:** Koichi Saito 30, July 2022

**By:** Lynne'a Saito 30, July 2022

The Saito Court presents Notice of court rules:

**VERIFICATIONS**

i, Koichi Saito, man; I, Lynne'a Saito, a woman, declare and require all documents including recommendations and orders being placed into the case are to be verified in open court under oath or affirmation. All documents submitted without verification of court will take notice as contempt of court and will be void. All documents filed through the Office of the court clerk must be time stamped.

Secondly, I say here and will verify in open court that all here in be true.

**SIGNATURES**

i, Koichi Saito, man; I, Lynne'a Saito, a woman, declare and require all documents including recommendations and orders being placed into the case file to have affixed upon it a wet ink (blue ink) signature of its creator (NO RUBBER STAMPS) on all documents submitted. Documents without wet ink (blue ink) signature the court will take notice as a contempt of court and will be void.

**COMPENSATION**

i, Koichi Saito, man; i, Lynne'a Saito, a woman, declare that compensatory damages in the amount of $448,400 USD are due posthaste.

The arrival of the sum for damages is based upon the belief that to charge by the following rates is fair and just:

Initiating Contact without Emergency.................................................................... ($50,000.00)

Initiating Contact without Warrant...................................................................... ($75,000.00)

Removal from Property ................................................................................ ($25,000.00)

Unlawful detainment/arrest of body @ $150/min [6/18/2022, 4:45PM – 6/19/2022, 8:10PM]

      1645 minutes ...........................................................................($246,750.00)

Legal consul............................................................................................ ($8,450.00)

Loss of opportunity/wages; 54 days @ $800 [6/18/2022- 7/30/2022] ............... ($43,200.00)

**TOTAL**..............................................................................................**($448,400.00)**

To date, approximately 54 days have passed since the unlawful taking of Claimants' property, which prevents the possessory use and enjoyment of Claimants' property.

I say here and will verify in open court that all herein be true.

By: Koichi Saito 30, July 2022

By: Lynne'a Saito 30, July 2022